UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PETER JOHN ARENDAS,

    Plaintiff,

v.

DUSTIN VEGA,

    Defendant.

No. 2:19-cv-01332-TLN-EFB

**ORDER**

    Plaintiff Peter John Arendas ("Plaintiff"), a county inmate proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On September 25, 2019, the magistrate judge filed findings and recommendations which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 9.) Plaintiff submitted a letter (ECF No. 10) and filed two sets of objections to the Findings and Recommendations (ECF Nos. 11, 12).

    This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court

assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

The Findings and Recommendations identify three prior cases filed by Plaintiff that constitute "strikes" under 28 U.S.C. § 1915(g) in support of the recommendation to deny Plaintiff's request to proceed *in forma pauperis*: (1) *Arendas v. Somerset County Sheriff's Dep't*, No. 3:09-cv-5782-FLW-TJB, 2010 U.S. Dist. LEXIS 59480 (D.N.J. June 16, 2010) (dismissal for failure to state a claim for due process violation where Plaintiff was shackled in a holding cell in the courthouse for five hours); (2) *Arendas v. Hillsborough Police Dep't*, No. 3:09-cv-5965, 2010 U.S. Dist. LEXIS 66123 (D.N.J. July 2, 2010) (dismissal for failure to state a claim on the basis that no constitutional violations were asserted against any person); and (3) *Arendas v. Somerset County Sheriff's Dep't*, No. 3:09-cv-6061-JAP-TJB, 2010 U.S. Dist. LEXIS 66813 (D.N.J. July 6, 2010) (dismissal for failure to state a claim on the basis that no constitutional violations were asserted against any person). (ECF No. 9 at 1–2.)[1]

The Court further notes these three actions are referenced in an additional case identified by the Findings and Recommendations, *Arendas v. Kessler*, No. 3:09-cv-09-6530 (KSH), 2010 U.S. Dist. LEXIS 68309 (D.N.J. July 10, 2010), in which Plaintiff was designated a three-strikes litigant by the United States District Court for the District of New Jersey. (ECF No. 9 at 1.) Plaintiff's objections are overruled for the reasons discussed herein.

First, Plaintiff argues his prior cases should not be deemed strikes because they all occurred in the year 2010, and he was ignorant of the law at that time. (ECF Nos. 11 at 1, 12 at 1,

---

[1] The Court notes the Findings and Recommendations also identifies the case *Arendas v. Hillsborough Police Dep't*, No. 3:09-cv-2965-MLC-DEA (D.N.J. July 2, 2010) as a strike. (ECF No. No. 9 at 2.) Upon independent review, however, the Court was unable verify the existence of this case. Nevertheless, the Court finds the remaining three prior actions identified in the Findings and Recommendations were dismissed for failure to state a claim and therefore Plaintiff's three-strike designation is proper.

2

3–4.) This argument is unavailing under the three-strikes statute. *See Thomas v. Felker*, No. 2:09-cv-2486-GEB-CDK-P, 2012 U.S. Dist. LEXIS 80880, *7 (E.D. Cal. June 11, 2012), *recommendation adopted by* 2012 U.S. Dist. LEXIS 100695 (E.D. Cal. July 18, 2012) (*pro se* status does not affect analysis to determine whether a prior dismissal constitutes a strike under § 1915(g)). To the extent Plaintiff argues his prior cases from 2010 are too old to be considered strikes, Plaintiff's argument has no basis in law and therefore also fails. Accordingly, Plaintiff's objections are overruled.

Next, Plaintiff contends he should be granted *in forma pauperis* status because none of the identified prior cases were dismissed as "frivolous" or "malicious." Moreover, Plaintiff argues, the instant lawsuit is not "frivolous." (ECF Nos. 10, 12 at 1–2.) This argument is without merit as the Court notes Plaintiff's prior cases were dismissed for failure to state a claim under 28 U.S.C. § 1915(g). Regardless of the level of personal significance Plaintiff accords to his claims, the law is clear that a case dismissed for failure to state a claim constitutes a strike. § 1915(g). Finally, assuming Plaintiff is arguing that he should be permitted to proceed *in forma pauperis* despite being designated a three-strikes litigant because his instant lawsuit is "not frivolous," Plaintiff's argument is not based in law. Accordingly, Plaintiff's objections are overruled.

Plaintiff also objects to the Findings and Recommendations on the basis that he had not previously "heard of" his three-strike designation. (*See* ECF No. 11 at 1, 12 at 4.) This assertion, however, is belied by the fact that Plaintiff was designated a three-strike litigant in the case *Arendas v. Kessler*, No. 3:09-cv-09-6530 (KSH), which identified the same three cases this Court has determined to be strikes. *Arendas*, 2010 U.S. Dist. LEXIS 68309. Thus, Plaintiff received proper notice of his potential strikes. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005), citing *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811–12 (7th Cir. 1998) (finding that by identifying three specific examples of potential strikes, the district court put the plaintiff on notice as to what it had considered in denying his request to proceed *in forma pauperis*).

Finally, Plaintiff appears to argue he is entitled to the "imminent danger of serious physical injury" exception under § 1915(g) because he has been "in continuous danger since the date of [his] arrest [on] May 9, 2019." (ECF No. 11 at 1–2.) Specifically, Plaintiff contends: (1)

3

he was previously "diagnosed with [an unspecified] serious illness" and his right to patient care was interrupted when he was arrested; and (2) he was assaulted in jail on August 2, 2019, by an officer that is not a defendant in this litigation but is named in another lawsuit. (*See* ECF Nos. 7, 11 at 2, citing *Arendas v. Moore*, No. 2:19-cv-01609-JAM-CKD (E.D. Cal. filed Aug. 20, 2019)); *see also Arendas v. Alido*, No. 2:19-cv-01427-TLN-DB (E.D. Cal. filed Jul. 26, 2019). Plaintiff's argument is unpersuasive.

The availability of the "imminent danger" exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312–14 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). As noted in the Findings and Recommendations, Plaintiff's Complaint, which was filed on July 17, 2019, only seeks damages for an allegedly wrongful arrest. (ECF No. 9 at 2, citing ECF No. 1.) Such allegations do not demonstrate Plaintiff was under any imminent danger of serious physical injury when he filed this action. The alleged August 2, 2019 assault occurred after the filing of the instant lawsuit and is therefore inapplicable to the "imminent danger" analysis. Similarly, to the extent Plaintiff argues the determination of imminent harm should be based on his First Amended Complaint (ECF No. 12 at 3–4), Plaintiff's argument is without merit. *See Benyamini v. Mendoza*, No. CIV S-09-2602-LKK-GGH-P, 2012 U.S. Dist. LEXIS 55348, *16 (E.D. Cal. Apr. 19, 2012), *recommendation adopted by* 2012 U.S. Dist. LEXIS 113822 (E.D. Cal. Aug. 10, 2012) (rejecting contention that imminent danger must be shown at time of filing amended complaint) (emphasis in original). Therefore, Plaintiff's objection is overruled.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed September 25, 2019 (ECF No. 9), are adopted in full, except for the finding that the case *Arendas v. Hillsborough Police Dep't.*, No. 3:09-cv-2965-MLC-DEA (D.N.J. July 2, 2010) constitutes a strike;

2. Plaintiff's application to proceed *in forma pauperis* on appeal (ECF No. 2) is DENIED;

4

3. Plaintiff is ordered to pay the $400 filing fee within fourteen days from the date of service of this order; and

4. Plaintiff is informed that a failure to timely pay the filing fee, or timely request an extension of time to do so, will result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: December 18, 2019

Troy L. Nunley
United States District Judge